William D. Hyslop
United States Attorney
Eastern District of Washington
Ian L. Garriques
Assistant United States Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760
Telephone: (509) 454-4425

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2020

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RUBEN TREY SALINAS III, <br><br> Defendant. | NO. 1:20-CR-02019-SAB <br><br> PLEA AGREEMENT |

Plaintiff United States of America, by and through William D. Hyslop, United States Attorney, and Ian L. Garriques, Assistant United States Attorney, for the Eastern District of Washington, and Defendant Ruben Trey Salinas III (hereinafter "Defendant"), and the Defendant's counsel, Robin C. Emmans, agree to the following Plea Agreement:

1. Guilty Plea and Maximum Statutory Penalties:

The Defendant agrees to plead guilty to the Indictment, charging the Defendant with Escape from Custody, in violation of 18 U.S.C. § 751(a).

The Defendant understands that the maximum statutory penalty for Escape from Custody, in violation of 18 U.S.C. § 751(a), is 5 years; a fine of $250,000; or both; a term of supervised release of not more than 3 years; and a $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. Video Proceedings:

Pursuant to this Court's General Order 20-101-3 (eff. March 30, 2020) and Section

Plea Agreement – 1

15002(b) of the CARES Act, Pub. L. No. 116-136 (H.R. 748) (eff. March 27, 2020), the Defendant agrees to the use of video conferencing (or telephone conferencing if video conferencing is not reasonably available) for any eligible hearings listed in Section 15002(b) of the CARES Act, specifically detention hearings, initial appearances, preliminary hearings, waivers of indictment, arraignments, supervised release revocation proceedings, pretrial release revocation proceedings, and felony pleas and sentencings.

3. <u>Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

4. <u>Waiver of Constitutional Rights:</u>

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

      a. The right to a jury trial;

      b. The right to see, hear and question the witnesses;

      c. The right to remain silent at trial;

Plea Agreement – 2

        d. The right to testify at trial; and

        e. The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.

5. <u>Elements of the Offense:</u>

The United States and the Defendant agree that in order to convict the Defendant of Escape from Custody, in violation of 18 U.S.C. § 751(a), as charged in the Indictment, the United States must prove beyond a reasonable doubt the following elements:

First, the Defendant was in the custody of Yakima County Jail at the direction of the Attorney General;

Second, the Defendant was in custody by virtue of an Order of Detention Pending Trial ordered by the United States District Court for the Eastern District of Washington; and

Third, the Defendant knowingly and voluntarily left custody without permission.

9th Cir. Crim. Jury Instr. 8.44 (2010, modified).

6. <u>Factual Basis and Statement of Facts:</u>

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for the Defendant's guilty plea:

On November 13, 2019, a federal grand jury returned an indictment charging Defendant Ruben Trey Salinas III with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). An arrest warrant issued, and Defendant was arrested on the warrant and indictment on November 15, 2019. Defendant had his initial appearance on Cause No. 1:19-CR-2054-SAB in the United States District Court for the Eastern District of Washington on November 15, 2019. Defendant was detained by the Court pending a bail hearing. On November 26, 2019, United States Magistrate Judge Mary K.

Plea Agreement – 3

Dimke issued an Order of Detention Pending Trial as to Defendant. The Order remanded Defendant to the custody of the Attorney General or the Attorney General's designated representative, to wit, the U.S. Marshals Service, for confinement in a corrections facility pending trial. Defendant was detained at the direction of the U.S. Marshals Service at the Yakima County Jail pending trial.

On March 4, 2020, Defendant pleaded guilty to the charge in the indictment and the matter was set over for sentencing. Defendant remained in custody at the direction of the U.S. Marshals Service at the Yakima County Jail. On March 23, 2020, Defendant and several other inmates housed at the Yakima County Jail escaped from the jail through a broken door, jumping over a security fence, and fleeing the area. Defendant knowingly and voluntarily escaped from custody at the jail without permission. Defendant was found by law enforcement officers shortly thereafter on the same day as he was hiding in a dumpster several blocks away. Defendant was arrested and returned to the Yakima County Jail by the officers, where he remains detained.

This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

7. The United States Agrees:

    a. Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

8. United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are advisory to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of

Plea Agreement – 4

sentencing.

    a. <u>Base Offense Level</u>:

The United States and the Defendant agree that pursuant to U.S.S.G. § 2P1.1(a)(1), the Base Offense Level is thirteen (13).

    b. <u>Specific Offense Characteristics</u>:

The United States and the Defendant make no agreement as to whether any specific offense characteristics apply.

    c. <u>Multiple Counts</u>:

The United States and the Defendant make no agreement as to the application of any adjustments for Multiple Counts as set forth in U.S.S.G. §§ 3D1.1 through 3D1.5.

9. <u>Criminal History</u>:

The United States and the Defendant understand that the Defendant's criminal history computation ultimately will be determined by the Court after review of the Presentence Investigation Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

10. <u>Incarceration</u>:

The United States and the Defendant agree that the United States will recommend that the Court impose a sentence of imprisonment within the applicable Guidelines sentencing range and that the Defendant may ask for any legal sentence. The United States and the Defendant agree to recommend that any sentence of imprisonment be imposed concurrently to Defendant's sentence of imprisonment imposed in Cause No. 1:19-CR-2054-SAB.

11. <u>Criminal Fine</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

12. <u>Supervised Release</u>:

The United States and the Defendant agree that the parties are free to recommend

Plea Agreement – 5

an appropriate term of supervised release (but not more than three (3) years) and to recommend that the Court impose the statutorily mandated, standard, and suggested special conditions of supervised release recommended by the U.S. Probation Office and as set forth in the Presentence Investigation Report.

13. Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

14. Restitution:

The parties agree restitution is required. *See* 18 U.S.C. §§ 3663, 3663A, and 3664. Further, pursuant to 18 U.S.C. § 3663(a)(3), the Defendant voluntarily agrees to pay the agreed upon restitution amount to Yakima Department of Corrections (YDOC). With respect to restitution, the parties agree to the following:

(a) Restitution Amount and Interest

The parties hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution to YDOC in an amount to be determined at or before sentencing. The interest on this restitution amount should be waived.

(b) Payments

The parties agree the Court will set a restitution payment schedule based on his financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). That being said, Defendant agrees to pay not less than 10% of his net monthly income towards his restitution obligation.

(c) Treasury Offset Program and Collection

Defendant understands the Treasury Offset Program collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. §

Plea Agreement – 6

3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

(d) Notifications

The Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

The Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(F). This obligation ceases when the restitution is paid-in-full.

15. Payments While Incarcerated:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. Additional Violations of Law Can Void Plea Agreement:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

17. Hyde Amendment Waiver:

The Defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A

Plea Agreement – 7

(Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

18. Effect on Immigration Status:

The Defendant, recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, due to the charge to which Defendant is pleading guilty, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty, no one, including her attorney or the Court, can predict with absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty.

19. Appeal Rights:

The Defendant expressly waives his right to appeal any aspect of his conviction and sentence imposed by the Court in this case. Defendant may, however, seek to appeal an order of restitution if it exceeds $10,000. Furthermore, the Defendant expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

The Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the conviction or sentence in this case, except for ineffective assistance of counsel as noted above. If the Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, the Defendant agrees that this case shall, upon motion of the government, be

Plea Agreement – 8

remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the government to withdraw from the Plea Agreement.

20. <u>Waiver of Inadmissibility of Statements:</u>

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against the Defendant in the United States' case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

21. <u>Integration Clause:</u>

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

**Approvals and Signatures**

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney

*/s/ Ian Garriques*　　　　　　　　　　　August 5, 2020
Ian L. Garriques                                               Date
Assistant United States Attorney

I have read this Plea Agreement or have had this Plea Agreement read to me. I have carefully reviewed and discussed every part of the Plea Agreement with my

Plea Agreement    9

attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_R.S_ _____      _8/4/20_ _____
Ruben Trey Salinas III                  Date
Defendant

I have read the Plea Agreement and discussed its contents with my client. If my client was unable to personally read the Plea Agreement prior to his plea hearing due to COVID-19 restrictions, I read the Plea Agreement to my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____      _8/4/2020_ _____
Robin C. Emmans                       Date
Attorney for the Defendant

Plea Agreement – 10